# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN CARPENTERS REGIONAL COUNCIL AND LUIS ALBERTO BORJA, JR., ) ) ) ) | |
| Plaintiffs -- Relators, ) ) | CIVIL ACTION FILE NO. 1:14-cv-4071 |
| BRINGING THIS ACTION ON BEHALF OF THEMSELVES AND THE UNITED STATES OF AMERICA, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | |
| FULTON COUNTY, GEORGIA, SOCO CONTRACTING COMPANY, INC., CUSTOM INTERIORS & ACOUSTICS, LLC, AND SAUCEDOS DRYWALL, LLC, ) ) ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT AND CROSSCLAIM DEFENDANT SOCO CONTRACTING COMPANY, INC.'S BRIEF IN SUPPORT OF 12(b)(6) MOTION TO DISMISS DEFENDANT AND CROSSCLAIM PLAINTIFF CUSTOM INTERIORS AND ACOUSTICS, LLC'S CROSSCLAIM**

**COMES NOW**, SoCo Contracting Company, Inc. ("SoCo"), Defendant and

Crossclaim Defendant in the above-styled action, and files its Brief in Support of

12(b)(6) Motion to Dismiss Defendant and Crossclaim Plaintiff Custom Interiors

1

and Acoustics, LLC's Crossclaim Against SoCo, and, in support thereof, shows this Court as follows:

## INTRODUCTION

Even granting Custom Interiors and Acoustics, LLC ("CIA") every benefit, there is no basis upon which it can succeed on its Crossclaim for contribution and indemnification against SoCo.

Plaintiffs-Relators Southeastern Carpenters Regional Council and Luis Alberto Borja, Jr., ("Relators") filed their Complaint against four Defendants alleging that they each contributed to purported violations of the Davis-Bacon and Related Acts ("DBRA") and the False Claims Act ("FCA")[1]. Relators allege that Defendants violated the DBRA by serving as contractors for a federally-funded construction project during which a second-tier subcontractor's employee (Relator Borja) did not receive prevailing wages, and by failing to submit accurate weekly payroll certifications to the government.

Relators' Complaint wholly fails to distinguish the actions or inactions of any particular Defendant from those of other Defendant(s). In a transparent effort to make the distinction and disassociate itself from Relators' allegations, CIA filed

---

[1] In the event this Court grants SoCo's Motion to Dismiss Relators' Complaint, the above-styled Motion is moot.

its Crossclaim on December 4, 2015. [Doc. 18]. Despite CIA having signed an unambiguous written agreement to indemnify and hold harmless SoCo from any and all failures of CIA or its subcontractors, CIA attempts to manufacture a claim for "Contribution and Indemnity" against SoCo in Count III of its Crossclaim. [Doc. 18, p. 23].

This type of common law claim for contribution has been explicitly subsumed by O.C.G.A. § 51-12-33 – Georgia's statute governing the apportionment of damages. Accordingly, Georgia is now a pure several liability state only; there no longer exists "joint" liability amongst co-defendants for damages awarded by the trier of fact. *See* O.C.G.A. § 51-12-33(b); *McReynolds v. Krebs*, 290 Ga. 850, 852, 725 S.E.2d 584, 587 (2012) (stating that under O.C.G.A. § 51-12-33, there "shall not be a joint liability among the persons liable").

As to indemnification, there are only two contexts in which same is viable: (1) contractually and (2) vicariously. Accordingly, as neither of the above is present in this case nor alleged by CIA in its Crossclaim, CIA cannot make out a case within the framework of its Crossclaim for indemnification and contribution against SoCo.

## **BACKGROUND FACTS AND CIA'S ALLEGATIONS**

SoCo served as the general contractor for the construction of the Fulton

County Aviation Community Cultural Center (the "ACCC")—a project that was federally funded ("Project"). [Doc. 18, p. 19, at ¶ 7]. Because of the federal nexus, the DBRA applied to the Project.

Relators' Complaint alleges that Defendants violated the DBRA and FCA when a second-tier subcontractor failed to pay prevailing wages, which resulted in false certifications related to same. In this regard, there was a six-tier hierarchy at the Project: (1) federal government, (2) Fulton County, (3) SoCo, (4) CIA, (5) Saucedos Dry Wall, LLC ("Saucedos"), and (6) Relator Borja. The federal government funded Fulton County's Project. Fulton County in turn hired SoCo as the prime contractor. SoCo hired CIA to serve as a subcontractor on the Project, and CIA in turn hired Saucedos as a second-tier subcontractor. [Doc. 18, p. 20, at ¶¶ 8, 12]. Saucedos employed Relator Borja to work on the Project and allegedly failed to pay him prevailing wages. [Doc. 1 at ¶¶ 26, 28, 30].

In Paragraph 8 of its Crossclaim, CIA references the subcontract between it and SoCo for drywall work on the Project (the "Subcontract")[2]. (A true and correct

---

[2] Although not attached to the Crossclaim, the Subcontract is referenced in Paragraph 8 of the Crossclaim. "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). Courts may consider these other sources without converting the motion to dismiss into a motion for

copy of the CIA subcontract with SoCo is attached hereto as Defendant's Exhibit "A"). Paragraph 13 of the Subcontract provides as follows:

> 13. *Indemnity*. Subcontractor [CIA] agrees to defend, indemnify and hold harmless Contractor [SoCo] and Owner [Fulton County] and their agents and employees, from and against any claim, cost, expense or liability, (including attorneys' fees) attributable to bodily injury, sickness, disease, or death, or damage, loss or destruction of property (including loss of use thereof) caused by, arising out of, resulting from or occurring in connection with the performance of the Work by Subcontractor, its subcontractors [Saucedos], or their agents or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder . . .
>
> Should Owner or any other person assert a claim or institute a suit, action, or proceeding, against Contractor involving the manner or sufficiency of the performance of the Work, Subcontractor shall, upon request of Contractor, promptly assume the defense of such claim, suit, action or proceeding, at Subcontractor's expense, and Subcontractor shall indemnify and hold harmless Contractor and its agents and employees, from and against any liability, loss, damage, or expense arising out of or related to such claim, suit, action or proceedings.
>
> Subcontractor agrees to reimburse Contractor for all costs (including attorney's fees) incurred by Contractor in enforcing or securing Subcontractor's performance of any of the provisions of this Subcontract including this Article 13.

(*See* Exhibit "A", ¶ 13). The foregoing paragraph shall be referred to herein as "CIA's Obligation to Indemnify SoCo".

---

summary judgment. *See, e.g., Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53-54 (11th Cir. 2006); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir. 1999) (noting that other courts allow a defendant to introduce a document "central to the claim" on a Rule 12(b) motion to dismiss).

In spite of CIA's Obligation to Indemnify SoCo, CIA seeks indemnification and contribution from SoCo in the event damages are awarded against CIA. Count III of CIA's Crossclaim contains just four paragraphs and is void of any allegation that SoCo agreed to indemnify CIA for losses incurred due to the actions or inactions of its subcontractor, Saucedos. CIA's Crossclaim is similarly void of any allegation that an agency relationship between exists between CIA and SoCo. Although there is a litany of allegations contained in CIA's Crossclaim, including, *e.g.,* an allegation that SoCo assumed CIA's responsibility to monitor Saucedos' compliance with applicable laws and regulations, there are no allegations related to indemnification. Breach of an alleged contract does not create a right to indemnification.

## ARGUMENT AND CITATION OF AUTHORITY

CIA fails to state a claim for which relief can be granted because (1) there is no cause of action in Georgia for common law contribution where the trier of fact apportions damages, and (2) indemnification is limited to two circumstances (contract and agency) that are neither present in this action nor alleged by CIA in its Crossclaim.

Georgia law governs the substantive law germane to this Motion. Breach of contract actions are generally governed by state law, and despite the nexus to

federal law and the federal government in this case, Georgia law clearly applies to CIA's Crossclaim against SoCo. *See, e.g., Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 72 L. Ed. 1188 (1938) (stating that "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State"); *Boyle v. United Techs. Corp.*, 487 U.S. 500, 519, 108 S. Ct. 2510, 2522, 101 L. Ed. 2d 442 (1988) (stating "[w]e have steadfastly declined to impose federal contract law on relationships that are collateral to a federal contract" and "it is by now established that our power to create federal common law controlling the Federal Government's contractual rights and obligations does not translate into a power to prescribe rules that cover all transactions or contractual relationships collateral to Government contracts").

Additionally, the Northern District of Georgia has previously stated that a claim for contribution turns on state law in the same manner as an ordinary breach of contract claim. *See Katka v. Mills*, 422 F. Supp. 2d 1304, 1309 (N.D. Ga. 2006) (stating that contribution is "not in the category of issues generally subject to federal common law").

Any contract claim, claim for indemnification, and claim for contribution between CIA and SoCo at the Project is therefore clearly governed by Georgia law.

**I.       Rule 12(b)(6) Motion to Dismiss Standard.**

When ruling on a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must accept as true all facts set forth in the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). However, "[t]he Court is not required to accept conclusory allegations and legal conclusions as true." *Cade v. Progressive Cmty. Healthcare, Inc.*, No. 1:09-CV-3522-WSD, 2011 WL 2837648, at *2 (N.D. Ga. July 14, 2011) (J. Duffey) (citing *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds*, *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012)). All reasonable inferences must be drawn in favor of the plaintiff. Fed. R. Civ. Pro. 12(b)(6); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

**II.      This Court Should Dismiss CIA's Crossclaim Because Georgia Law Does Not Recognize a Cause of Action for Contribution In These Circumstances and Only Recognizes Indemnity in Limited Circumstances.**

CIA did not plead a viable cause of action for indemnification and contribution against SoCo. In 2005, Georgia enacted its Tort Reform Act, which eliminates claims for contribution such as the one set forth by CIA. There is simply no cause of action in Georgia for contribution where the trier of fact is asked to apportion damages according to each party's respective fault. Additionally, there are only two types of indemnification recognized by the state of Georgia:

contractual and vicarious. CIA has not cited any authority indicating that it is entitled to indemnity on either of these bases.

### A. CIA's Claim for Contribution Is Not Recognized in Georgia.

Georgia no longer recognizes a common law claim for contribution in these circumstances. Rather, Georgia's apportionment statute, "O.C.G.A. § 51-22-33[,] supplanted claims for common-law contribution and apportionment." *Dist. Owners*, 747 S.E.2d at 14.

> Where an action is brought against more than one person for injury to person or property, the trier of fact, in its determination of the total amount of damages to be awarded, if any, shall . . . apportion its award of damages among the persons who are liable according to the percentage of fault of each person. Damages apportioned by the trier of fact as provided in this Code section shall be the liability of each person against whom they are awarded, shall not be a joint liability among the persons liable, and shall not be subject to any right of contribution.

O.C.G.A. § 51-12-33(b).

"[A]s to 'contribution, O.C.G.A. § 51-12-33(b) flatly states that apportioned damages 'shall not be subject to any right of contribution[.]'" *Dist. Owners* at 12 (citing *McReynolds v. Krebs*, 290 Ga. 850, 852(1)(b) (2012)). "[N]ot only did O.C.G.A. § 51-12-33 fail to create a cause of action for apportionment, it abrogated such actions under the common law." *Id.* at 11. "[T]he Supreme Court of Georgia has specifically held that in enacting O.C.G.A. § 51-12-33, the General Assembly intended to displace the common law of apportionment." *Id.* at 14.

Endorsing the *Dist. Owners* decision, the Northern District of Georgia has previously stated:

> Thus, based on the text of O.C.G.A. § 51–12–33, *McReynolds,* and *District Owners,* it seems correct that Georgia law has abrogated joint and several liability and contribution. Instead, the trier of fact assesses "the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." O.C.G.A. § 51–12–33(c).

*Allstate Prop. & Cas. Ins. Co. v. Omega Flex, Inc.*, 1:13-CV-879-JEC, 2014 WL 1292588, at *3 (N.D. Ga. Mar. 31, 2014).

Additionally, to the extent CIA bases its claim for contribution on tort rather than contract, that theory must similarly fail. Even if contribution amongst joint tortfeasors was still recognized in Georgia, "there is no contribution among *intentional* tortfeasors." *Katka*, 422 at 1310 (citing *Marchman & Sons, Inc. v. Nelson*, 251 Ga. 475, 476-77, 306 S.E.2d 290 (1983)) (emphasis added). Intent is an element of every FCA claim. *See generally* 31 U.S.C. § 3729.

Accordingly, this Court should dismiss CIA's Crossclaim against SoCo for contribution because the cause of action does not exist as pleaded by CIA.

### B. CIA Has Not Pleaded a Proper Case for Indemnity Under Either Contractual Obligation or Vicarious Liability.

CIA cannot succeed on a claim for indemnification against SoCo within the framework of its Crossclaim. Since at least 2012, Georgia's state and federal courts

interpreting Georgia's 2005 Tort Reform Act have fashioned black-letter rules of law eliminating indemnification on the theory of joint tortfeasors liability, thereby limiting the availability of common-law indemnity amongst co-defendants:

> [U]nder Georgia law indemnity is defined 'as the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his request or for his benefit. And despite the enactment of O.C.G.A. § 51-12-33, it is well settled that 'Georgia law continues to recognize two broad categories of indemnity:  by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents.'

*Dist. Owners Ass'n, Inc. v. AMEC Environmental & Infrastructure, Inc.*, 747 S.E.2d 10, 5-6 (Ga. Ct. App. 2013). Accordingly, while O.C.G.A. § 51-12-33 abrogates certain common law claims for indemnification, Georgia courts recognize that indemnity is still viable in limited instances. *See Dist. Owners*, 322 Ga. App. at 718, 747 S.E.2d 10.

Multiple decisions handed down by the Northern District of Georgia endorse the state courts' interpretation of O.C.G.A. § 51-22-33(b). Rather than requiring mini-trials among co-defendants seeking indemnification from one another, "[i]n 2005, Georgia adopted an apportionment regime requiring a trier of fact to consider 'the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.'" *Georgia Power Co. v. Sure Flow Equip., Inc.*, 1:13-

11

CV-1375-AT, 2014 WL 4977799, at *4 (N.D. Ga. July 22, 2014) (citing O.C.G.A. § 51-12-33(c)). Accordingly, the "statute suggests that tortfeasors have no need for a common law claim for indemnification against joint tortfeasors because their own liability already takes into account a reduction for the liability of others." *Id.*

> Along this vein, the Georgia Court of Appeals recently held that O.C.G.A. § 51–12–33 abrogates common law claims against joint tortfeasors, like the ones Sure Flow offers here, that do not arise out of a contract or agency relationship. *Dist. Owners,* 747 S.E.2d at 12–13 (citing *McReynolds v. Krebs,* 725 S.E.2d 584, 586 (Ga.2012)) [footnote deleted]. The court explained that a tortfeasor may still bring indemnity claims that arise out of contract or an agency or employment relationship. *Dist. Owners,* 747 S.E.2d at 13.

*Id*. Like the claim for indemnification in *Georgia Power*, CIA's "common law indemnity claims against [SoCo] do not arise out of a contract or agency relationship, and thus appear to be abrogated by O.C.G.A. § 51-12-33." *Id.*

The only contractually agreed indemnification between CIA and SoCo is CIA's Obligation to Indemnity SoCo, and there is no other or superseding indemnification agreement in existence, nor is one alleged by CIA. Additionally, there exists no agency relationship between CIA and SoCo so as to justify indemnification, nor was such a relationship alleged by CIA.

Accordingly, even accepting all well-pleaded facts as true, CIA's Crossclaim should be dismissed for failure to state a claim for which relief can be granted.

**III.   SoCo Is Entitled to an Award of Attorneys' Fees and Expenses Incurred in Defending Itself Against CIA's Frivolous and Baseless Claim for <u>Indemnification and Contribution.</u>**

The Subcontract provides that "Subcontractor [CIA] agrees to reimburse Contractor [SoCo] for all costs (including attorney's fees) incurred by Contractor in enforcing or securing Subcontractor's performance of any of the provisions of this Subcontract including this Article 13." (See Exhibit "A", ¶ 13).

In the face of CIA's Obligation to Indemnify SoCo, CIA not only implicitly refuses to indemnify SoCo, but actually seeks to hold SoCo liable for CIA's losses. Yet, the only contract referenced by either party including an indemnification provision is the Subcontract, which plainly requires CIA to pay for the litigation expenses incurred by SoCo.

It is commonplace that indemnification agreements include awards of attorneys' fees. *See, e.g., Natco Ltd. P'ship v. Moran Towing of Florida, Inc.,* 267 F.3d 1190, 1193-94 (11th Cir. 2001) (finding liability for attorneys' fees even where indemnification provision did not explicitly reference attorneys' fees). An attorney fee award based upon indemnity does not come within the purview of attorneys' awarded pursuant to O.C.G.A. §§ 13-1-11 or 13-6-11; rather, the fees are merely a function of contract. *See, e.g., Colonial Bank v. Boulder Bankcard Processing, Inc.,* 254 Ga. App. 686, 692, 563 S.E.2d 492, 499 (2002) (stating that

the "indemnity agreement indisputably granted BBP reimbursement for expenses and attorney fees related to or resulting from its providing processing services to CBG's merchant accounts. . . . OCGA § 13-1-11 is inapplicable to the indemnity agreement in this case"); *In re Cunningham*, 79 B.R. 92, 93 (Bankr. N.D. Ga. 1987) (recognizing that "[w]hile O.C.G.A. § 13–1–11 governs the validity and enforcement of certain contractual obligations to pay attorney fees, there appears to be a case law exception for indemnity agreements which provide for attorney fee recovery").

"There is no construction [of contracts] required <u>or even permissible</u> when the language employed by the parties in the contract is plain, unambiguous and capable of only one reasonable interpretation." *Am. Mgmt. Servs. E., LLC v. Fort Benning Family Communities, LLC*, 333 Ga. App. 664, 676, 774 S.E.2d 233, 244 (2015) (emphasis added). "[W]hen the contract language is clear and unambiguous, construction of the agreement is a matter of law for the court, which must enforce the contract according to its clear terms. In such circumstance, the contract alone is looked to for its meaning." *Am. Water Serv. USA v. McRae*, 286 Ga. App. 762, 764, 650 S.E.2d 304, 306 (2007) (internal citations omitted).

The Subcontract, and CIA's Obligation to Indemnify SoCo in particular, are clear and unambiguous, and the Court should enforce the Subcontract pursuant to its

clear terms without engaging in contract construction. Although SoCo is entitled to an eventual award of all attorneys' fees incurred during the above-styled action, it places only those fees incurred in connection with this Motion at issue in this Motion.

Accordingly, based upon the plain language of CIA's Obligation to Indemnify SoCo, SoCo requests an award of all reasonable expenses of litigation and attorneys' fees incurred in responding to CIA's baseless Crossclaim. In the event this Court deems such an award appropriate, the undersigned will submit evidence of the fees and the reasonableness of same.

## CONCLUSION

CIA has not pleaded an actionable claim for indemnification and contribution against SoCo, nor can it succeed on such a claim within the framework of its Crossclaim. Accordingly, SoCo respectfully requests that this Court dismiss CIA's Crossclaim and award SoCo all its costs.

Respectfully submitted, this 28th day of December, 2015.

**L. LIN WOOD, P.C.**

/s/ L. Lin Wood
L. Lin Wood
lwood@linwoodlaw.com
State Bar No. 774588
Nicole Jennings Wade
State Bar No. 390922
nwade@linwoodlaw.com

Jonathan D. Grunberg
jgrunberg@linwoodlaw.com
State Bar No. 869318
G. Taylor Wilson
State Bar No. 460781
twilson@linwoodlaw.com

1180 West Peachtree Street
Suite 2400
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

*Attorneys for Defendant SoCo Contracting Company, Inc.*

## **CERTIFICATION UNDER L.R. 7.1D.**

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this DEFENDANT AND CROSSCLAIM DEFENDANT SOCO CONTRACTING COMPANY, INC.'S BRIEF IN SUPPORT OF 12(b)(6) MOTION TO DISMISS DEFENDANT AND CROSSCLAIM PLAINTIFF CUSTOM INTERIORS AND ACOUSTICS, LLC'S CROSSCLAIM is a computer document and was prepared in Times New Roman 14 point font, as mandated in Local Rule 5.1C.

This 28th day of December 2015.

/s/ L. Lin Wood
L. Lin Wood

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing DEFENDANT AND CROSSCLAIM DEFENDANT SOCO CONTRACTING COMPANY, INC.'S BRIEF IN SUPPORT OF 12(b)(6) MOTION TO DISMISS DEFENDANT AND CROSSCLAIM PLAINTIFF CUSTOM INTERIORS AND ACOUSTICS, LLC'S CROSSCLAIM via the CM/ECF system, which will automatically send e-mail notification to the attorneys of record.

This 28th day of December 2015.

/s/ L. Lin Wood
L. Lin Wood