IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SOUTHEASTERN CARPENTERS REGIONAL COUNCIL and LUIS ALBERTO BORJA, JR., <br><br> Plaintiffs-Relators, <br><br> vs. <br><br> BRINGING THIS ACTION ON BEHALF OF THEMSELVES AND THE UNITED STATES OF AMERICA <br><br> c/o Sally Quinn Yates <br> United States Attorney <br><br> and <br><br> c/o Eric H. Holder <br> Attorney General of the U.S. <br><br> Plaintiffs, <br><br> vs. <br><br> FULTON COUNTY, GEORGIA, SOCO CONTRACTING COMPANY, INC., CUSTOM INTERIORS & ACOUSTICS, LLC, and SAUCEDOS DRYWALL, LLC, <br><br> Defendants. | Civil Action File <br> NO. 1:14CV4071-WSD |

**CUSTOM INTERIORS & ACOUSTICS, LLC'S RESPONSE IN OPPOSITION TO SOCO CONTRACTING COMPANY, INC.'S MOTION**

29-00158

-1-

# TO DISMISS CUSTOM INTERIORS & ACOUSTICS, LLC'S CROSSCLAIM AGAINST SOCO CONTRACTING COMPANY, INC.

COMES NOW, Custom Interiors & Acoustics, LLC ("CIA"), Defendant and Crosslaim Plaintiff in the above-styled action, and files its Opposition to SoCo Contracting Company, Inc.'s ("SoCo") Motion to Dismiss CIA's crossclaims against SoCo ("SoCo Motion"), showing this Court as follows:

## I. INTRODUCTION

### A. Factual Background.

Relators, Southeastern Carpenters Regional Council ("SCRC") and Luis Alberto Borja, Jr. ("Mr. Borja"), brought claims under the False Claims Act ('FCA") and the Davis-Bacon and Related Acts ("DBRA"), on behalf of Plaintiff the United States of America and its representatives (the "Government"). The claims are based upon work performed on the Fulton County Aviation Community Cultural Center ("ACCC Project"), which was funded in part by federal dollars. SoCo was the general contractor on the ACCC Project and entered into a contract with owner Fulton County. Then, SoCo entered into a subcontract with CIA for drywall work on the ACCC Project ("SoCo Subcontract"). SoCo was aware that CIA had very limited experience working on federally funded projects and CIA would be relying on SoCo for guidance in complying with the federal requirements. Saucedos Drywall, LLC ("Saucedos") approached CIA about

providing labor and drywall work on the Project. Based on Saucedos' prior relationships with CIA and SoCo, CIA entered into a second-tier subcontract with Saucedos. Saucedos agreed to comply with CIA's contractual obligations on the ACCC Project. Relators allege Saucedos employed Relator Mr. Borja to work on the ACCC Project.

SoCo involved itself in CIA's relationship with Saucedos. SoCo advised CIA regarding the amount to compensate Saucedos on the ACCC Project. SoCo informed CIA that Saucedos would provide certified payrolls, and any other required wage certifications, directly to SoCo instead of providing the same to CIA. SoCo made some payments directly to Saucedos or issued joint checks to Saucedos and CIA in order to compensate Saucedos.

### B. Procedural Background.

Relators allege Saucedos did not properly pay Mr. Borja, and other unknown employees on the ACCC Project, prevailing wages. Relators then extrapolate that Saucedos' alleged failure constitutes or led to violations of the FCA and DBRA. The Government investigated the claims and declined to pursue the allegations. Relators moved forward with their lawsuit against CIA, SoCo, Saucedos, and Fulton County. Fulton County answered the Complaint and asserted crossclaims against the co-defendants. SoCo filed a motion to dismiss Relators/Plaintiffs'

claims generally.[1]  SoCo's motion is pending before the Court.  CIA filed its answer to the Relators/Plaintiffs' claims, its answer to Fulton County's crossclaims, and its crossclaims against SoCo and Saucedos for indemnity and contribution.  SoCo, in turn, filed the present Motion to Dismiss CIA's Crossclaims against SoCo.

## II. STATEMENT OF AUTHORITY

### A. **Motion to Dismiss Standard.**

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), federal courts "construe[] the pleadings broadly, accepting all facts pleaded therein as true and viewing all inferences in a light most favorable to the nonmoving party." See Hickson v. Home Fed., 805 F. Supp. 1567, 1571 (N.D. Ga. 1992), citing Cooper v. Pate, 378 U.S. 546, 546, 12 L. Ed. 2d 1030, 84 S. Ct. 1733 (1964).  A movant will only be successful if "'it appears **beyond doubt** that the [nonmovant] can prove **no** set of facts in support of his claim which would entitle him to relief.'" See id. citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (emphasis added).

### B. **Federal Pleadings Standard.**

The federal courts provide a liberal pleading standard for claims, stating: "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and

---

[1] CIA concurs with SoCo's motion to dismiss the Relators/Plaintiffs' claims as to all of the defendants.  CIA's crossclaims are conditioned upon the unlikely survival and success of Relators/Plaintiffs' claims.

29-00158

plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a); see also Kipperman v. Onex Corp., 2006 U.S. Dist. LEXIS 96944, at *28 (N.D. Ga. 2006). Further, the courts do not require "technical forms of pleading." See id; see also Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997).

### C. **Indemnity Standard.**

Georgia courts recognize indemnity "as the obligation or duty resting on one person to make good any loss or damage another has incurred by acting at his request or for his benefit." See Dist. Owners Ass'n v. AMEC Envtl. & Infrastructure, Inc., 322 Ga. App. 713, 715, 747 S.E.2d 10, 13 (2013). Under current Georgia law, there are two forms of indemnity liability that survived Georgia's Tort Reform—contractual and vicarious. See id. ("'Georgia law continues to recognize two broad categories of indemnity: as created by contract, as between a surety and a debtor; and under the common law of vicarious liability, as between principals and agents'"). Under Georgia law, "the relation of principal and agent arises whenever a person, expressly or by implication, authorizes another to act for him and subsequently ratifies the acts of another on his behalf." O.C.G.A. §10-6-1; see also Greenbaum v. Brooks, 110 Ga. App. 661, 664, 139

S.E.2d 432, 434 (1964) ("The agency relationship may arise by implication as well as by express authority").

## III. ARGUMENT

### A. SoCo's Motion Should be Denied because CIA Pleads Sufficient Facts to Support a Claim for Indemnity Under a Theory of Agency.

SoCo concedes that Georgia law recognizes a claim for indemnity based upon vicarious liability. SoCo further concedes the two iterations of vicarious liability for indemnity are based on the employer/employee and agent/principal relationships. CIA's contends SoCo may be held variously liable to CIA, because SoCo acted as an agent of CIA. CIA alleged sufficient facts in the CIA/SoCo Crossclaim to support a claim of agency. Specifically, the CIA/SoCo Crossclaim states:

> 12. Custom Interiors entered into a second-tier subcontract with Saucedos.
> 13. Saucedos agreed to comply with Custom Interiors contractual obligations on the ACCC Project.
> 14. SoCo advised Custom Interiors regarding the amount to compensate Saucedos on the ACCC Project.
> 15. SoCo informed Custom Interiors that Saucedos would provide certified payrolls and any other required wage certification directly to SoCo instead of providing the same to Custom Interiors.
> 16. Custom Interiors did not see any of the submissions Saucedos provided to SoCo.

> 17. On more than one occasion, SoCo made payments directly to Saucedos or issued joint checks to Saucedos and Custom Interiors in order to compensate Saucedos.
> 18. SoCo assumed Custom Interiors' responsibility to inform Saucedos of its wage obligations on the ACCC Project. Further, SoCo assumed Custom Interiors' responsibility to make sure Saucedos provided proper certified payrolls, wage certifications, and any other information required by the federal regulations.
> 19. Custom Interiors reasonably relied upon SoCo's assumption of responsibility for Saucedos compliance with the wage requirements on the ACCC Project. SoCo knew of Custom Interiors' reliance. See CIA Answer and Crossclaims [Doc. 18, pp. 20-21].

The CIA/SoCo Crossclaim alleges sufficient facts as required by Fed. R. Civ. P. 8's notice pleading standard, to show that: (1) CIA had an obligation to manage Saucedo's performance—namely collecting certified payrolls, collecting wage certifications, issuing payments to Saucedo; (2) SoCo assumed this responsibility; and (3) CIA acquiesced to this assumption and authorized, by implication, SoCo to act on CIA's behalf. See id. In accordance with Rule 8, CIA is not required to use magic works. It is simply required to plead sufficient facts to put SoCo on notice as to the claims being brought against it. The CIA/SoCo Crossclaim more than meets this standard. If the facts as plead are viewed in the light most favorable to CIA, it would be inappropriate for SoCo to assume a key portion of CIA's performance obligation—which turns out to be integral to

Plaintiffs/Relators' overall claim--then avoid the potential responsibility associated with that performance obligation.[2]

SoCo relies on several cases that are distinguishable from the present litigation. For example, SoCo relies upon Cade v. Progressive Cmty. Healthcare, Inc., No. 1:09-cv-3522-WSD, 2011 U.S. Dist. LEXIS 76085 (N.D. Ga. July 14, 2011) for the contention that conclusory allegations and legal conclusions are not sufficient. However, CIA has not relied on conclusory allegations. The CIA/SoCo Crossclaim alleges specific actions on the part of SoCo to support its claim for indemnity, as well as contribution. Therefore, Cade should be disregarded.

As such, the CIA/SoCo Crossclaim contains sufficient facts to support a claim for indemnity based on the vicarious liability of an agent/principle relationship between CIA and SoCo. SoCo's motion should be denied.

**B. SoCo's Motion Should be Denied because CIA Pleads Sufficient Facts to Support a Claim for Contribution because CIA denies being an Intentional Tortfeasor—Intentional or Otherwise.**

SoCo relies on two arguments to support its Motion—namely that Georgia law does not recognize a right of contribution amongst intentional tortfeasors and

---

[2] Georgia courts specifically provide for indemnity in the event CIA is compelled to pay damages based upon the actions of SoCo. See Dist. Owners, 322 Ga. App. at 715-16, 747 S.E.2d at 13 ("'[i]f a person is compelled to pay damages because of negligence imputed to him as the result of a tort committed by another, he may maintain an action for indemnity against the person whose wrong has thus been imputed to him'") [citation omitted].
29-00158

-8-

that the FCA claim requires intent. However, CIA denies that it is an intentional tortfeasor. Further, the FCA claim does not require intent. The very factual basis of the CIA/SoCo Crossclaim, as well as CIA's defenses to Plaintiffs/Relators' claims in total, is that CIA did not take the actions at issue in the lawsuit. CIA specifically pleads that SoCo assumed CIA's performance obligations <u>vis a vis</u> Saucedos. Those performance obligations are more than germane to Plaintiffs/Relators' FCA claims. CIA pleads that SoCo assumed CIA's responsibility to collect certified payrolls from Saucedos. <u>See</u> CIA Answer and Crossclaims [Doc. 18, ¶15, p. 20]. CIA pleads that SoCo assumed CIA's responsibility to collect wage certifications from Saucedos. <u>See id</u>. CIA pleads SoCo made payments to Saucedos. <u>See</u> CIA Answer and Crossclaims [Doc. 18, ¶17, p. 21]. As such, SoCo assumed responsibility to manage Saucedos' compliance with the wage requirements of the ACCC Project. <u>See</u> CIA Answer and Crossclaims [Doc. 18, ¶18, p. 21]. CIA took no intentional action as it relates to Saucedos' wage requirements. <u>See</u> CIA Answer and Crossclaims [Doc. 18, ¶¶ 16 and 19, pp. 20-21]. As such, there are sufficient facts pled to support the argument that CIA is not an intentional tortfeasor and thus allowed to make a claim for contribution from SoCo.[3]

---

[3] The plain language of the FCA provides for unintentional liability. 31 USCS

29-00158

Finally, SoCo relies on several cases that are distinguishable from the present litigation. For example, SoCo relied on <u>Katka v. Mills</u>, 422 F. Supp. 2d 1304 (N.D. Ga. 2006) for the proposition that contribution is prohibited for intentional tortfeasors. However, CIA denies that it is an intentional tortfeasor. The FCA does not require intent. Therefore, <u>Katka</u> can be disregarded.

CIA/SoCo Crossclaim's contains sufficient facts to support a claim for contribution based on the fact CIA is not an intentional tortfeasor. SoCo's Motion should be denied.

### C. SoCo's Request for Attorney's Fees Should be Denied because SoCo Fails to Demonstrate that the Contractual Indemnity Provision Applies or has been Enforced by SoCo.

SoCo attempts to bootstrap a claim for attorney's fees, associated with its Motion, to the indemnity provision in SoCo's Subcontract with CIA. The effort fails. First, the provision does not apply to the present circumstances. CIA's indemnity obligation is limited to its performance. <u>See</u> SoCo's Subcontract [Exhibit A to Doc. 25, ¶13]. CIA is not obligated to indemnify SoCo for its sole negligence. <u>See id</u>. CIA contends that any actions, regarding Saucedos, that are the basis for Plaintiffs/Relators' claims were taken by SoCo and not CIA. <u>See</u> CIA Answer and Crossclaims [Doc. 18, ¶¶ 13-19, pp. 20-21]. CIA is only required to

---

§3729(b) ("the terms 'knowing' and 'knowingly'[] require no proof of specific intent to defraud[.]"

29-00158

reimburse SoCo for expenses incurred to enforce CIA's performance of the Subcontract, including indemnity, **only if the obligation exists**. CIA believes there is a question for a trier of fact as to whether an indemnity obligation exists in this instance.

Additionally, CIA's has not denied its indemnity obligation and SoCo has not sought to enforce the provision. SoCo's Motion does not set forth any evidence that SoCo has requested any act of indemnification from CIA. SoCo has not made such a request to CIA. Similarly, SoCo's Motion does not set forth any evidence that CIA has denied a request for indemnification from SoCo. SoCo cannot seek attorney's fees to enforce an obligation that it has not in fact tried to enforce.

SoCo relies on several cases that are distinguishable from the present litigation. For example, SoCo relies on the <u>Natco, Ltd. P'ship v. Moran Towing of Fla., Inc.</u>, 267 F.3d 1190 (11th Cir. 2001) for the proposition that a court can infer a liability for attorney's fees without a specific reference in the contract provision. However, the <u>Natco</u> court was looking at claims brought in an admiralty action specifically. Further, the <u>Natco</u> court imposed liability on the party who assumed responsibilities and duties of another. In the present case, that would mean imposing liability for attorney's fees upon **SoCo**, since SoCo assumed the

responsibilities and duties of CIA. To any extent <u>Natco</u> is relevant to the present Motion, it favors CIA.

In sum, SoCo's request for attorney's fees should be denied, along with the Motion in total. CIA's has not denied the obligation to indemnify and there is a question of fact as to whether the obligation to indemnify even exists.

## IV. CONCLUSION.

As demonstrated <u>supra</u>, SoCo's Motion to Dismiss CIA's Crossclaim should be denied. CIA pled sufficient facts to support a claim for indemnity under a theory of agency. CIA pled sufficient facts to support a claim for contribution, because CIA was not an intentional tortfeasor. Finally, SoCo is not entitled to attorney's fees for its Motion to Dismiss. SoCo has not tried to enforce the indemnity provision and there is a question as to whether the obligation applies in this instance. CIA respectfully requests that the Court deny SoCo's Motion to Dismiss CIA's crossclaims against SoCo.

Respectfully submitted 11th day of January, 2016.

**SMITHERS THORNTON & UME-NWAGBO, LLC**

\_\_/s/ Roxann S. Smithers_____
Roxann S. Smithers
Georgia Bar No. 665055
E. Sharon Thornton

29-00158

Georgia Bar No. 710327
2451 Cumberland Parkway, SE
Suite 3836
Atlanta, GA 30339-6157
Tel: (404) 418-8492
Fax: (404) 736-6963
rss@stulawgroup.com
est@stulawgroup.com

*Attorneys for Defendant Custom Interiors & Acoustics, LLC.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of a **CUSTOM INTERIORS & ACOUSTICS, LLC'S RESPONSE IN OPPOSITION TO SOCO CONTRACTING COMPANY, INC.'S MOTION TO DISMISS CUSTOM INTERIORS & ACOUSTICS, LLC'S CROSSCLAIM AGAINST SOCO CONTRACTING COMPANY, INC.** was filed electronically, using Times Roman 14 point font type in accordance with Local Rule 5.1B with the Court. Parties may access this filing through the Court's system. Notice of this filing will be sent to the following opposing counsel or other representative by operation of the Court's electronic filing system, as well as by placing a copy of the same in the U.S. Mail with adequate postage thereon, and addressed as follows:

Jack Rosenberg, Esq.
5425 Glendridge Dr., Suite 53
Atlanta, GA 30342

*Attorney for Relators Southeastern Carpenters Regional Council and Luis Alberto Borja, Jr.*

Oscar Saucedos
1345 Town Lake Hills Dr.
Bldg. 20-311
Woodstock, Georgia 30189

*Registered Agent for Defendant Saucedos Drywall, LLC*

L. Lin Wood, Jr.
L. Lin Wood, P.C.
1180 W. Peachtree St., Suite 2400
Atlanta, GA 30309

*Attorney for Defendant SoCo Contracting Company, Inc.*

Cheryl Ringer
Denval Anthony Steward
Office of Fulton County Attorney
Fulton County Government Center
141 Pryor St., SW, Suite 4038
Atlanta, GA 30303

*Attorneys for Defendant Fulton County*

Paris A. Wynn
United States Attorney's Office-ATL
Assistant United States Attorney
600 U.S. Courthouse
75 Spring St., SW
Atlanta, GA 30303

*Attorney for Plaintiff the United States
of America*

    This 11th day of January, 2016.

    **SMITHERS THORNTON & UME-NWAGBO, LLC**

    __/s/ Roxann S. Smithers_____
    Roxann S. Smithers
    Georgia Bar No. 665055
    E. Sharon Thornton
    Georgia Bar No. 710327
    2451 Cumberland Parkway, SE
    Suite 3836
    Atlanta, GA 30339-6157
    Tel: (404) 418-8492
    Fax: (404) 736-6963
    rss@stulawgroup.com
    est@stulawgroup.com

    *Attorneys for Defendant Custom Interiors & Acoustics, LLC.*